**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**MARY BYARS**                                                                          **PLAINTIFF**

**V.**                                                                          **NO. 2:06CV69-WAP-EMB**

**MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY**                              **DEFENDANT**


## MEMORANDUM OPINION

Plaintiff, Mary Byars, seeks judicial review pursuant to Section 405(g) of the Social

Security Act (the "Act") of an unfavorable final decision of the Commissioner of the Social

Security Administration (the "Commissioner"), regarding her application for disability benefits

under Title II.  The Court, having duly considered the briefs of the parties, the administrative

record and the applicable law, rules as follows.

## Administrative Proceedings

Plaintiff filed an application for disability benefits under Title II on October 29, 2002,

alleging a disability onset date of November 1, 2000.  (Tr. 40-42).  The application was denied

initially and on reconsideration.  (Tr. 21-34).

In a hearing decision dated October 29, 2005, an administrative law judge ("ALJ") found

that Plaintiff was not disabled as defined in the Social Security Act.  (Tr. 14-20A).  Plaintiff filed

a request for review of that decision, which the Appeals Council declined on February 17, 2006.

(Tr. 6-8).  The ALJ's hearing decision is now ripe for review under section 205(g) of the Social

Security Act, 42 U.S.C. § 405(g).

Plaintiff's last date of Title II disability insurance coverage was December 31, 2002.  (Tr.

15, 336).  For insured status under the Act, an individual is required to have 20 quarters of

coverage in the 40-quarter period ending with the first quarter of disability. This is the so-called "earnings requirement." *See* 42 U.S.C. §§ 416(i)(3)(B) and 423(c)(1)(B). To be found disabled for Title II purposes, Plaintiff must prove disability prior December 31, 2002. (Tr. 22). *See* 20 C.F.R. § 404.130.

Plaintiff had previously filed for disability benefits on April 24, 1995. (Tr. 14). This application was denied by an ALJ on November 28, 1997. (Tr. 14). In the decision now under consideration, the ALJ did not reopen Plaintiff's prior application.

**Facts**

Plaintiff was born September 21, 1958 (Tr. 40) and was 47 years of age at the time of the hearing decision on October 29, 2005 (Tr. 14-20A). She completed the seventh grade. (Tr. 71). Plaintiff has previous work experience as sewing machine operator, nurse's aide, press operator, cleaner, and electrician's helper. (Tr. 66). Plaintiff alleged that she could not work due to neck and back pain, right shoulder injury, breathing problems, and anxiety. (Tr. 65). She was five feet and two inches tall and weighed 105 pounds. (Tr. 64). After a careful review and evaluation of the medical evidence of record, the subjective testimony at the hearing (Tr. 354-77) and the testimony of a vocational expert (Tr. 377-80), the ALJ found Plaintiff not disabled (Tr. 14-20A). Contrary to Plaintiff's allegation of disability, the ALJ found that she had the residual functional capacity ("RFC") to perform work that did not require lifting more than 20 pounds occasionally, ten pounds frequently, standing/walking for six hours in an eight-hour workday, and sitting for more than six hours in an eight-hour work day. (Tr. 20, Finding No. 6). The ALJ further found that Plaintiff could occasionally climb, balance, stoop, crouch, crawl, and kneel. (Tr. 20, Finding No. 6). This RFC allows Plaintiff to perform light work under 20 C.F.R. § 404.1567(b).

## Standard of Review

This Court reviews the Commissioner's/ALJ's decision only to determine whether it is supported by "substantial evidence" on the record as a whole and whether the proper legal standards were applied. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). Furthermore, in applying the substantial evidence standard, this Court scrutinizes the record to determine whether such evidence is present. This Court will not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Id.*, citing *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989); *see also Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001).

## Applicable Law

To be considered disabled and eligible for benefits, Plaintiff must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 to 404.1599 & Appendices, §§ 416.901 to 416.998 1995. The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.[1] *Id.* §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232,

---

[1]The five-step analysis requires consideration of the following:

236 (5th Cir. 1994); *Moore v. Sullivan*, 895 F.2d 1065, 1068 (5th Cir. 1990). The five-step

inquiry terminates if the Commissioner finds at any step that the claimant is or is not disabled.

*Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

The claimant has the burden of proof under the first four parts of the inquiry. *Id*. If she

successfully carries this burden, the burden shifts to the Commissioner to show that other

substantial gainful employment is available in the national economy, which the claimant is

---

First, if the claimant is currently engaged in substantial gainful employment, he or she is found not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, if it is determined that, although the claimant is not engaged in substantial employment, he or she has no severe mental or physical impairment which would limit the ability to perform basic work-related functions, the claimant is found not disabled. *Id*. §§ 404.1520(c), 416.920(c).

Third, if an individual's impairment has lasted or can be expected to last for a continuous period of twelve months and is either included in a list of serious impairments in the regulations or is medically equivalent to a listed impairment, he or she is considered disabled without consideration of vocational evidence. *Id*. §§ 404.1520(d), 416.920(d).

Fourth, if a determination of disabled or not disabled cannot be made by these steps and the claimant has a severe impairment, the claimant's residual functional capacity and its effect on the claimant's past relevant work are evaluated. If the impairment does not prohibit the claimant from returning to his or her former employment, the claimant is not disabled. *Id*. §§ 404.1520(e), 416.920(e).

Fifth, if it is determined that the claimant cannot return to his or her former employment, then the claimant's age, education and work experience are considered to see whether he or she can meet the physical and mental demands of a significant number of jobs in the national economy. If the claimant cannot meet the demands, he or she will be found disabled. *Id*. §§ 404.1520(f)(1), 416.920(f)(1). To assist the Commissioner at this stage, the regulations provide certain tables that reflect major functional and vocational patterns. When the findings made with respect to claimant's vocational factors and residual functional capacity coincide, the rules direct a determination of disabled or not disabled. *Id*. § 404, Subpt. P, App. 2, §§ 200.00-204.00, 416.969 (1994)("Medical-Vocational Guidelines").

capable of performing. *Greenspan*, 38 F.3d at 236; *Kraemer v. Sullivan*, 885 F.2d 206, 208 (5th Cir.1989). When the Commissioner shows that the claimant is capable of engaging in alternative employment, "the ultimate burden of persuasion shifts back to the claimant," *Id.*; *accord Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

The Court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) his age, education, and work history," *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id.*

## Analysis

Plaintiff presents two issues for this appeal: (1) whether the ALJ and the Appeals Council failed to consider all relevant medical information, including medical records from the claimant's treating physician and (2) whether the ALJ and Appeals Council failed to consider all medical restrictions.

### *Issue 1*

Plaintiff argues the ALJ failed to consider all relevant medical information, namely a Medical Source Statement signed by Michael Havens, M.D., on September 16, 2005. Pl.'s Brief pp. 5-7. Plaintiff reasons that because the ALJ failed to mention the evidence in his opinion, he erroneously failed to consider it. Additionally, Plaintiff contends the Appeals Council had the opportunity to review the evidence, because it was submitted and made a part of the record prior to the ALJ's decision, but failed to do so. Nonetheless, Plaintiff concedes she submitted Dr. Havens' Medical Source Statement after the period during which the ALJ held the record open for additional evidence.

During the administrative hearing, the ALJ stated that the record would be held open for thirty days for submission of additional medical records from the "insured period." (Tr.381). As pointed out by Defendant, the records submitted by Plaintiff did not deal with the time period under consideration by the ALJ. Def.'s Brief pp. 16-18. As noted above, Plaintiff's last date of Title II insurance coverage ended on December 31, 2002. Furthermore, Dr. Havens specifically noted that the medical information noted was limited to the period from January 2005 to the "present." (Tr. 346). Thus, because the evidence identified by Plaintiff is not relevant to the time period considered by the Commissioner, no error was committed by either the ALJ or the Appeals Council, and the first issue is without merit.

### *Issue 2*

Plaintiff next contends the ALJ and the Commissioner failed to consider all of her medical restrictions. Pl.'s Brief pp. 7-10. Specifically, Plaintiff contends the ALJ failed to consider restrictions placed on her by Dr. Cooper Terry in 2000, including no climbing and no lifting weight over five pounds (Tr. 229) and Dr. Roy Tyrer's restrictions against constant repetitive twisting and turning (Tr. 237). Plaintiff suggests these restrictions should have been included in the ALJ's hypothetical question to the vocational expert ("VE").

During the administrative hearing, the ALJ presented the VE, Bruce Brawner, with two hypotheticals. (Tr. 377-381). The first hypothetical required the VE to assume an individual of Plaintiff's age, education and work experience who "could lift and carry 20 pounds occasionally, 10 pounds frequently; stand and walk six of eight hours in a day; sit six of eight hours in a day;" and could only occasionally climb, balance, stoop crouch, crawl, and kneel. (Tr. 380). A second hypothetical required the VE to "[a]ssume an individual of the same age, education, and past work experience... [w]ho, because of medical problems, would miss more than four days at work

in a work month." (Tr. 380). The VE opined that the first hypothetical individual could perform Plaintiff's past work as a cleaner and a sewing machine operator. (Tr. 380). The VE concluded that the second hypothetical individual would not be able to perform any work on "a regular or sustained basis." (Tr. 380-81).

It appears that Plaintiff is claiming that the hypothetical questions presented to the VE were flawed because they failed to include all the restrictions related to her back and neck problems. The record reveals that such an argument is meritless, however. When a hypothetical question reasonably incorporates all of the 'disabilities' found by the ALJ and claimant's representative was provided an opportunity to "correct any defect" about additional limitations, the hypothetical question is sufficient. *See Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir.1994).

First, it is worth noting that both Dr. Tyrer and Dr. Terry returned plaintiff to work, notwithstanding the above restrictions. (Tr. 229, 237). Nonetheless, the ALJ determined that Plaintiff's back and neck conditions were severe. (Tr. 18). However, because Dr. Tyrer gave Plaintiff only five percent, permanent, partial, physical impairment ratings with respect to both impairments in August 2001 and because hospital records show that in September 2002 Plaintiff only complained of "occasional muscular aches and joint pains," the ALJ determined Plaintiff had the residual functional capacity for light work limited only by the fact that she could only occasionally climb, balance, stoop crouch, crawl, and kneel. (Tr. 19, 234-35). As such, the ALJ implicitly assigned very little weight to Dr. Terry's 2000 restrictions. "'[T]he Commissioner is free to reject the opinion of any physician when the evidence supports a contrary conclusion.'" *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995) (*quoting Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir.1987)); *see also* 20 C.F.R. § 404.1527(c)(2) ("If any of the evidence in your case record, including any medical opinion(s), is inconsistent with other evidence or is internally

inconsistent, we will weigh all the other evidence and see whether we can decide whether you are disabled based on the evidence we have .").  Moreover, Plaintiff has failed to show that her past light duty jobs as a cleaner and sewing machine operator required the "constant repetitive" twisting and turning prohibited by Dr. Tyrer.

Based on this, the Court finds the ALJ's first hypothetical *reasonably* contained all the limitations found by the ALJ.  Lastly, Plaintiff's attorney representative at the administrative hearing made no attempt to submit additional limitations to the VE.  (Tr. 381).  Accordingly, the second issue raised by Plaintiff is without merit.

## Conclusion

Based on the foregoing, it is the opinion of the Court that the decision of the Commissioner be affirmed and that this appeal be dismissed.  A final judgment consistent with this opinion will be entered.

**SUBMITTED THIS** 31st day of March, 2008.

**/s/ W. Allen Pepper**
**U. S. DISTRICT JUDGE**